UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CMEG NYMEX INC., | : |
| Plaintiff, | : |
| -against- | : No. 09-CV-03677 (GBD) |
| | : ECF FILED |
| OPTIONABLE, INC., KEVIN CASSIDY, PIERPONT CAPITAL, INC., EDWARD O'CONNOR, RIDGECREST CAPITAL, INC., and MARK NORDLICHT, | : ORAL ARGUMENT REQUESTED |
| Defendants. | : |

REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS EDWARD O'CONNOR
AND RIDGECREST CAPITAL, INC.'S MOTION TO DISMISS

McCormick & O'Brien, LLP

Liam O'Brien
Marni Rae Robin
42 West 38th Street, Suite 701
New York, New York 10018
Tel: (212) 286-4471
Fax: (212) 504-9574

*Attorneys for Edward O'Connor and Ridgecrest Capital, Inc.*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    A.  The Allegations Made against O'Connor are Unsupported by the Source
        Documents upon Which the Complaint Relies ........................................................ 2

        1.  NYMEX's Opposition Fails to Address O'Connor and Ridgecrest's
           Arguments Concerning Several Specific and Relevant Paragraphs of the
           Complaint ........................................................................................................... 2

        2.  NYMEX's Arguments Concerning the Allegations against O'Connor set forth
           in Paragraph 24 of the Complaint Fail to Satisfy the Requirements
           Rule 12(f) ............................................................................................................ 3

        3.  NYMEX's Arguments Concerning the Allegations against O'Connor set forth
           in Paragraph 35 of the Complaint Fail to Satisfy the Requirements
           Rule 12(f) ............................................................................................................ 4

    B.  The Opposition Brief Fails to Bolster the Claim of Controlling Person Liability .. 5

    C.  The Opposition Misconstrues Preemption of its Claim for Negligent
        Misrepresentation under the Martin Act ................................................................. 5

CONCLUSION ............................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.,* __ F.Supp.2d __, 2009 WL 2828018 (S.D.N.Y. September 2, 2009) ................................................................................. 8

*Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009) ................................................................................... 3, 5

*Caboara v. Babylon Cove Dev., LLC,* 54 A.D.3d 79, 862 N.Y.S.2d 535 (2d Dep't 2008) ............. 6

*Castellano v. Young & Rubicam,* 257 F3d 171 (2d Cir. 2001) ................................................. 7, 8

*Hamlet on Olde Oyster Bay Home Owners Ass'n, Inc. v. Holiday Org., Inc,* 59 A.D.3d 673, 874 N.Y.S.2d 508 (2d Dep't 2008) .................................................................................................. 6

*Hamlet on Olde Oyster Bay Home Owners Ass'n, Inc. v. Holiday Org., Inc.*, 65 A.D.3d 1284, 2009 WL 3136368 (2d Dep't Sept. 29, 2009) ........................................................................ 6, 7

*Kassover v. UBS AG and UBS Financial Svcs, Inc.,* No. 08 CV 02753 (LMM), 2008 WL 5331812 (S.D.N.Y. Dec. 19, 2008) ................................................................................................ 7

*Kerusa Co. LLC v. W10Z Real Estate Ltd. Partnership,* 12 N.Y.3d 236 (2009) ........................... 5

*Kramer v. W10Z/515 Real Estate Ltd. Partnership,* 44 A.D.3d 457, 844 N.Y.S.2d 18 (1st Dep't 2007) ....................................................................................................................................... 6, 7

*Ledford v. Rapid-Am. Corp.,* No. 86 Civ. 9116 (JFK), 1988 WL 3428 (S.D.N.Y. January 8, 1988) ............................................................................................................................................. 3

*Owens v. Gaffken & Barriger Fund,* No. 08 Civ. 8414 (PKC), 2009 WL 3073338 (S.D.N.Y. September 21, 2009) .................................................................................................................... 8

*Sabella v. Scantek Medical, Inc.,* No. 08 Civ. 453 (CM)(HBP), 2009 WL 3233703 (S.D.N.Y. September 29, 2009) .................................................................................................................... 8

*Spain v. Deutsche Bank,* No. 08 Civ. 10809 (LBS), 2009 WL 3073349 (S.D.N.Y. September 18, 2009) ............................................................................................................................................. 8

*Whitehall Tenants Corp. v. Estate of Olnick,* 213 A.D.2d 200, 623 N.Y.S.2d 585 (1st Dep't 1995), *lv. denied* 86 N.Y.2d 704, 631 N.Y.S.2d 608 (1995) ........................................................ 6

**Rules**

Fed.R.Civ.P. 8(a) ...................................................................................................................... 3, 5

Fed.R.Civ.P. 9(b) ...................................................................................................................... 1, 9

Fed.R.Civ.P. 12(b)(6) ............................................................................................................. 1, 9

Fed.R.Civ.P. 12(f) ................................................................................................. 1, 2, 3, 4, 5, 9

Fed.R.Evid. 402 ............................................................................................................................ 3

Defendants O'Connor and Ridgecrest, by and through their attorneys McCormick & O'Brien, LLP, hereby submit this reply brief ("Reply") in further support of their Motion to Dismiss the Complaint ("MTD")[1] pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b), and to strike certain allegations contained therein pursuant to Fed.R.Civ.P. 12(f).

## PRELIMINARY STATEMENT

NYMEX'S opposition brief ("Opposition" or "Opp."), NYMEX does not cure the fatal defects of its Complaint as they relate to O'Connor and Ridgecrest. The Complaint remains legally insufficient to withstand the MTD pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b) and the PSLRA.

As discussed below in greater detail, the Opposition fails to address adequately, or at all, the specific paragraphs in the Complaint against O'Connor identified in the MTD that are unsupported by any underlying source documents. Since these specific allegations are not, in fact, contained in such source documents, they must be stricken from the Complaint pursuant to Fed.R.Civ.P. 12(f). Additionally, the alternative claim against O'Connor for controlling person liability fails to properly allege an underlying primary violation of the Exchange Act, a necessary element for such a cause of action. Finally, Plaintiff misconstrues the concept of "preemption" by New York's Martin Act of its claim of negligent misrepresentation and breach of warranty. The Martin Act properly precludes Plaintiff from bringing such claims against O'Connor and Ridgecrest.

O'Connor and Ridgecrest specifically incorporate by reference herein the relevant arguments made by, and authorities cited by, Optionable in its Reply in support of Optionable's motion to dismiss the Complaint (hereinafter, "Optionable MTD"). O'Connor and Ridgecrest

---

[1] All abbreviations for terms identified in the MTD are incorporated herein by reference.

also incorporate by reference the relevant supplemental arguments and authorities submitted in support of the motions to dismiss by co-Defendants Kevin Cassidy and Pierpont Capital, Inc., and Mark Nordlicht, respectively, in each of their moving and reply briefs. O'Connor and Ridgecrest's supplemental arguments are set forth below.

## ARGUMENT

**A.     The Allegations Made against O'Connor are Unsupported by the Source Documents upon Which the Complaint Relies**

The Complaint states that allegations therein premised upon "information and belief" derive from complaints filed by the SEC, CFTC and other governmental entities. Cpt. ¶ 14. Allegations that derive from source documents that have not been adjudicated on the merits are immaterial as a matter of law and should be stricken from the Complaint pursuant to Fed.R.Civ.P. 12(f).  MTD at 2; Optionable MTD at 10-11. Likewise, allegations that purport to be based upon these improper source documents, but are not, also must be stricken from the Complaint as a matter of law pursuant to Fed.R.Civ.P. 12 (f). MTD at 3-5.

    1.     NYMEX's Opposition Fails to Address O'Connor and Ridgecrest's Arguments Concerning Several Specific and Relevant Paragraphs of the Complaint

In the MTD, O'Connor and Ridgecrest enumerate specific paragraphs of the Complaint containing allegations made against O'Connor, "upon information and belief," that are not found in the documents identified by NYMEX to be the sources of their "information and belief." MTD at 3-4 identifying allegations set forth in ¶¶ 24, 35, 37, 39, 40, 54 and 65(c) non-exclusively. The Opposition entirely fails to address the specific allegations made in the Complaint against O'Connor that are contained in ¶¶ 37, 39, 40, 54 and 65(c). By this failure, we submit that Plaintiff has conceded that such allegations against O'Connor were improperly included in the Complaint and should be stricken pursuant to Fed.R.Civ.P. 12(f).

      2.      NYMEX's Arguments Concerning the Allegations against O'Connor set forth in <u>Paragraph 24 of the Complaint Fail to Satisfy the Requirements Rule 12(f)</u>

The MTD states that the following language in ¶ 24 of the Complaint is not found in either the CFTC or the SEC complaints against O'Connor:

> [A]fter … O'Connor received pricing information from Lee *by telephone call or instant message,* [another Defendant] then reshaped the information *to look like it reflected genuine offers from independent traders of energy derivatives*. . . .

MTD at 3; Cpt. ¶ 24 (emphasis added). The Opposition claims that these specific allegations are supported by portions of three paragraphs in the SEC complaint, namely, paragraphs 24, 25 and 26. A review of these cited paragraphs reveals that they do not, in fact, contain allegations (1) that Lee sent O'Connor pricing information by telephone call or instant message; or (2) that O'Connor reshaped pricing information to look like it reflected genuine offers from independent traders of energy derivatives. *See* Opp. at 15 ¶ 5; Opp. Exh. B, SEC cpt. ¶¶ 24-26. Thus, Plaintiff has failed to properly substantiate the basis of its allegations in paragraph 24 of the Complaint pursuant to Fed.R.Civ.P. 12(f). Accordingly, these allegations should be stricken as immaterial, irrelevant and prejudicial to O'Connor (and therefore, Ridgecrest). *See also,* Fed.R.Evid. 402 ("Evidence which is not relevant is not admissible."); *Ledford v. Rapid-Am. Corp.*, No. 86 Civ. 9116 (JFK), 1988 WL 3428, at *2 (S.D.N.Y. January 8, 1988).

      Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) citing <u>Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)</u>. As demonstrated above, the purported "factual allegations" are fabrications; they are unsubstantiated conclusions. Mere conclusions couched as factual allegations are not entitled to an assumption of truth. *See Ashcroft,* 129 S.Ct. at 1949; Fed.R.Civ.P. 8(a).

      3.      NYMEX's Arguments Concerning the Allegations against O'Connor set forth in Paragraph 35 of the Complaint Fail to Satisfy the Requirements Rule 12(f)

Paragraph 35 of the Complaint alleges that O'Connor realized that BMO used an independent price verification service to value its options positions, BMO would uncover "Lee's losses and mis-valuation of his positions and that discovery would lead, *inter alia,* to the termination of the revenues Optionable received from BMO." Paragraph 35 further asserts that O'Connor realized that this "would cause a significant drop in Optionable's business and its stock price, and thus cause their own apparent wealth (largely the value of their Optionable stock) to disappear." *See* Cpt. ¶ 35.

In an attempt to provide support for the allegations against O'Connor in ¶ 35 of the NYMEX Complaint, Plaintiff cites to the CFTC complaint ¶¶ 56 and 59. However, a review of the allegations set forth in those paragraphs demonstrates that the CFTC does not allege that O'Connor "realized" that by using an independent valuation service, BMO would uncover Lee's losses and misvaluations of his positions and the termination of business from BMO. Nor do the cited allegations in the CFTC's complaint state that O'Connor "realized" such occurrence would impair Optionable's stock price and his own wealth. Plaintiff's disingenuous attempt to cobble together some form of support for the allegations contained in ¶ 35 of the Complaint "coupled with common sense"[2] is belied by the plain language of the CFTC complaint. Thus, ¶ 35 of the Complaint also must be stricken as immaterial, irrelevant and prejudicial to O'Connor (and, therefore, Ridgecrest) pursuant to Fed.R.Civ.P. 12(f). As set forth above, such fabrications

---

[2] Plaintiff argues that paragraph 35, taken out of context of the NYMEX Complaint, shows that:

> O'Connor was aware of the consequences if he and Optionable had given BMO information based on Optionable's actual experience of the markets and information from its network of counterparties, rather than simply Lee's quotes – the discovery of the Unlawful Scheme, the termination of the revenues from BMO and the collapse of Optionable's business and stock price.

Opp. at 15-16.

masquerading as factual allegations are no more than conclusions which are not entitled to an assumption of truth. *See Ashcroft,* 129 S.Ct. at 1949; Fed.R.Civ.P. 8(a).

The foregoing are examples of numerous instances that <u>demonstrate</u> that NYMEX failed to accurately rely upon other pleadings, etc. as the source of allegations contained in the complaint. Therefore, as stated in the MTD, the enumerated paragraphs that are pure fabrications unsupported by personal knowledge or "upon information and belief" are immaterial, irrelevant and prejudicial to O'Connor (and therefore, Ridgecrest), and must be stricken from the Complaint as a matter of law. *See* MTD 3-5.

**B.     <u>The Opposition Brief Fails to Bolster the Claim of Controlling Person Liability</u>**

Without an underlying primary violation of the Exchange Act by the "controlled person," there can be no liability by a controlling person. MTD at 5-6. Nothing in the Opposition establishes that the Complaint has adequately pled an underlying primary violation by either Optionable or Ridgecrest. Therefore, the claim of controlling person liability against O'Connor must be dismissed.

**C.     <u>The Opposition Misconstrues Preemption of its Claim for Negligent Misrepresentation under the Martin Act</u>**

Plaintiff misconstrues the arguments set forth in the MTD and the New York Court of Appeals and New York's Appellate Division decisions concerning preemption by the Martin Act. New York's Martin Act preempts private claims arising out of a securities transaction within or from New York sounding in fraud that fail to allege or prove *scienter*. MTD at 6-7.

Plaintiff misconstrues the limited holding of New York's Court of Appeals in *Kerusa Co. LLC v. W10Z Real Estate Ltd. Partnership,* 12 N.Y.3d 236 (2009). *Kerusa* states that any common law claim <u>for fraud</u> based upon the omission of disclosures mandated by the Martin Act or regulations promulgated thereunder is preempted by the Martin Act. *Kerusa*, 12 N.Y.3d at

5

245. This decision creates an exception to the rule set forth in a line of cases that holds that a claim for common law fraud that pleads all the elements of fraud, including *scienter*, will <u>not</u> be preempted by the Martin Act. *See, e.g., Kramer v. W10Z/515 Real Estate Ltd. Partnership,* 44 A.D.3d 457, 459, 844 N.Y.S.2d 18 (1st Dep't 2007) ("[T]o prevent an end run around the rule prohibiting a private right of action under the Martin Act, a private plaintiff cannot be permitted to bring a cause of action that, although styled as one for common-law fraud, lacks proof of an essential element of common-law fraud"); *Whitehall Tenants Corp. v. Estate of Olnick,* 213 A.D.2d 200, 623 N.Y.S.2d 585 (1st Dep't 1995), *lv. denied* 86 N.Y.2d 704, 631 N.Y.S.2d 608 (1995) (although [the Court of Appeals decision in *CPC Int'l v. McKesson Corp.,* 70 N.Y.2d 268 (1987)] "does not foreclose a cause of action for common-law fraud, private plaintiffs will not be permitted through artful pleading to press any claim based on the sort of wrong given over to the Attorney-General under the Martin Act") (internal quotations omitted). Contrary to Plaintiff's interpretation, *Kerusa* does <u>not</u> stand for the proposition that <u>only</u> those common law causes of action that violate securities disclosure requirements mandated by the Martin Act or regulations promulgated thereunder are preempted by the Act. *See* Opp. at 44. The *Kerusa decision* simply does not address whether <u>any other</u> common law cause of action sounding in fraud was preempted by the Martin Act. The line of New York cases predating *Kerusa* still stand.

In order to support its erroneous interpretation of *Kerusa,* Plaintiff relies upon the Supreme Court, Appellate Division, Second Department decision in *Hamlet on Olde Oyster Bay Home Owners Ass'n, Inc. v. Holiday Org., Inc,* 59 A.D.3d 673, 874 N.Y.S.2d 508 (2d Dep't 2008). Opp. at 44. However, subsequent to *Kerusa*, the Appellate Division recalled and vacated its earlier decision.[3] *See Hamlet on Olde Oyster Bay Home Owners Ass'n, Inc. v. Holiday Org.,*

---

[3] The earlier *Hamlet on Olde Oyster Bay* decision relied upon *Caboara v. Babylon Cove Dev., LLC,* 54 A.D.3d 79, 862 N.Y.S.2d 535 (2d Dep't 2008), which case Plaintiff also cites in support of its argument (Opp. at 45). The court

6

*Inc.*, 65 A.D.3d 1284, 2009 WL 3136368, at *2 (2d Dep't Sept. 29, 2009) (citing *Kerusa* in affirming the dismissal of claims for fraudulent inducement and negligent misrepresentation as preempted by the Martin Act).

Moreover, Plaintiff mischaracterizes the First Department's decision in *Kramer v. W10Z/515 Real Estate Ltd. Partnership, supra. See* Opp. at 44-45. Rather than stating that "the Martin Act does not preempt [any] common law claim[]" as purported by Plaintiff, *Kramer* actually stated:

> When a plaintiff **pleads all the elements of fraud** with particularity, no end run around the Martin Act would be entailed by granting the plaintiff an opportunity to prove the truth of those allegations. But to throw the plaintiff out of court merely because the Attorney General would be entitled to relief under the Martin Act on the strength of the same allegations, ***or a subset of those allegations***, makes no sense. . . . To construe the Martin Act to have abolished the right of purchasers of condominium and cooperative interests (and purchasers of other securities) to sue sellers for ***common-law fraud*** is to give the Martin Act a construction that is antithetical to its remedial purpose.

*Kramer,* 44 A.D.3d at 459 (emphasis added) (distinguishing between pleading and proving a claim of common law fraud).[4]

Furthermore, the Second Circuit's decision in *Castellano v. Young & Rubicam,* 257 F3d 171 (2d Cir. 2001) is still valid law. In *Castellano*, the Second Circuit held that a breach of fiduciary duty claim was properly dismissed due to its preclusion by the Martin Act. *Castellano,*

---

in Caboara holds that the Martin Act not only does not preempt common law fraud claims, but also breach of contract claims. The holding in Caboara is analyzed in *Kassover v. UBS AG and UBS Financial Svcs, Inc.,* No. 08 CV 02753 (LMM), 2008 WL 5331812, at *9-10 (S.D.N.Y. Dec. 19, 2008). The Court in *Kassover* demonstrates that the holding of *Caboara,* with regard to the breach of contract claim, is incongruent with that court's own analysis. Thus, the Court in *Kassover* did not find *Caboara* to be persuasive. In any event, the *Caboara* decision did not extend beyond its facts, which did not involve a claim for negligent misrepresentation, as here. *See Kassover,* 2008 WL 5331812, at *10.

[4] The lower court cases cited by Plaintiff in support of its proposition also misstate the limited holding in *Kramer*, which distinguished a common law claim of fraud that pleaded the additional element of scienter not required by the Martin Act.

7

257 F3d at 190. Significantly, even after *Kerusa,* this District has consistently held that the Martin Act "bars both private claims brought directly under the statute and common-law claims based on facts that provide the Attorney General grounds for instituting an action under the Act." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.,* __ F.Supp.2d __, 2009 WL 2828018, at *7, 14 (S.D.N.Y. September 2, 2009) (internal quotations omitted) (dismissing claims of negligence, negligent misrepresentation, breach of fiduciary duty, unjust enrichment and aiding and abetting such claims as preempted by the Martin Act); *accord Owens v. Gaffken & Barriger Fund,* No. 08 Civ. 8414 (PKC), 2009 WL 3073338, at *12-13 (S.D.N.Y. September 21, 2009) (citing to *Kerusa* as authority to dismiss claims of conversion and unjust enrichment as preempted by the Martin Act); *Sabella v. Scantek Medical, Inc.,* No. 08 Civ. 453 (CM)(HBP), 2009 WL 3233703, at *37-38 (S.D.N.Y. September 29, 2009) (holding that plaintiff's claims of negligent misrepresentation and breach of fiduciary claims predicated on securities fraud in New York are preempted by the Martin Act); *Spain v. Deutsche Bank,* No. 08 Civ. 10809 (LBS), 2009 WL 3073349, at *3 (S.D.N.Y. September 18, 2009).

Thus, for the reasons set forth in the MTD, Plaintiff's claim of negligent misrepresentation, which sounds in securities fraud but does not require pleading or proof of *scienter*, must be dismissed as it is preempted by New York's Martin Act. MTD at 6-8. Because Plaintiff's claim of breach of warranty is essentially duplicative of the negligent misrepresentation claim, for the foregoing reasons, the claim of breach of warranty also must be dismissed.

## CONCLUSION

For the foregoing reasons, in conjunction with those set forth in the MTD, and the relevant arguments and authorities set forth in the co-Defendants' motion briefs and replies, the

Complaint in this action should be dismissed with prejudice as against O'Connor and Ridgecrest pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) and the PSLRA, and certain allegations therein should be stricken pursuant to Fed.R.Civ.P. 12(f).  Further, to the extent that they are not otherwise dismissed, the Court should decline supplemental jurisdiction over the state law claims in the Complaint. For the reasons set forth in the Optionable Reply (at 10), Plaintiff should not be granted leave to amend the Complaint.

Dated: New York, New York
       November 13, 2009

                Respectfully submitted,

                **McCormick & O'Brien, LLP**

                By: ___/s/ Liam O'Brien___
                Liam O'Brien (LO-3930)
                Marni Rae Robin (MR-3461)
                9 East 40th Street, 4th Floor
                New York, New York 10016
                Tel:  212-286-4471
                Fax:  212-504-9574
                lobrien@mcoblaw.com
                mrobin@mcoblaw.com

                *Attorneys for Defendants Edward O'Connor and Ridgecrest Capital, Inc.*