```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CMEG NYMEX HOLDINGS INC.,                    :
                                             :    09-CV-3677 (GBD)
                              Plaintiff,     :
                                             :
           -against-                         :
                                             :    ANSWER
OPTIONABLE, INC., KEVIN CASSIDY,             :
PIERPOINT CAPITAL, INC., EDWARD              :
O'CONNOR, RIDGECREST CAPITAL, INC.,          :
and MARK NORDLICHT,                          :    JURY TRIAL DEMANDED
                                             :
                              Defendants.    :
------------------------------------------------------------ X
```

Defendant Mark Nordlicht ("Nordlicht"), for his answer to the Complaint ("Complaint"), denies each and every allegation therein, except as follows:

## AS TO THE "NATURE OF ACTION"

1. Admits that the Plaintiff brings this action, but denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

## AS TO THE "PARTIES AND OTHERS INVOLVED"

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint except to refer to the Stock and Warrant Purchase Agreement dated April 10, 2007 ("SWPA") for the contents thereof.

3. Admit the allegations in paragraph 3 of the Complaint, except to deny that Optionable now has its principal place of business in Ossining, New York.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except to admit that Cassidy was at some point employed by, and a shareholder of, Optionable.

-1-

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except to admit that O'Connor was at some point employed by, and a shareholder of, Optionable.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Denies the allegations in paragraph 9 of the Complaint except to admit that Nordlicht was at certain points a non-executive chairman and shareholder of Optionable.

## AS TO "JURISDICTION AND VENUE"

10. Refers questions of law to the Court.

11. Refers questions of law to the Court.

12. Denies the allegations in paragraph 12 of the Complaint except to refer questions of law to the Court.

13. Refers to the SWPA for the contents thereof.

## AS TO "BASES OF ALLEGATIONS ON INFORMATION AND BELIEF"

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Refers to the United States' indictment of Cassidy and the SEC Complaint against Cassidy and O'Connor mentioned in paragraph 15 of the Complaint for the contents thereof.

## AS TO "FACTUAL BACKGROUND," "OPTIONABLE AND ITS BUSINESS"

16. Denies the allegations in paragraph 16 of the Complaint except to admit that Optionable, at certain times, provided services relating to the execution of trades.

17. Denies the allegations in paragraph 17 of the Complaint except to refer questions of law to the Court.

18. Denies the allegations in paragraph 18 of the Complaint except to refer to documents publicly filed with the United States Securities and Exchange Commission for the contents thereof.

19. Denies the allegations in paragraph 19 of the Complaint except to refer to documents publicly filed with the United States Securities and Exchange Commission for the contents thereof.

## AS TO "THE UNLAWFUL SCHEME"

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint except to refer to the documents mentioned therein for the contents thereof.

28. Refers to the public reports described in paragraph 28 for the contents thereof.

29. Denies the allegations in paragraph 29 of the Complaint except to admit that Optionable's revenue increased from 2005 to 2006.

30. Denies the allegations in paragraph 30 of the Complaint.

31. Denies the allegation in paragraph 31 of the Complaint except to admit that Optionable's revenue, income, and stock price increased in 2006.

### AS TO "THE REALITY AT BMO"

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

### AS TO "THE ADDITIONAL ACTS IN FURTHERANCE OF THE UNLAWFUL SCHEME"

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint except to refer to the document(s) described therein for the contents thereof.

39. Denies the allegations in paragraph 39 of the Complaint.

### AS TO "THE UNLAWFUL INDUCEMENT OF NYMEX TO PURCHASE OPTIONABLE STOCK FROM DEFENDANTS"

40. Denies the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint except to admit that Nordlicht (or his agents) negotiated with NYMEX to buy a portion of his Optionable stock-holdings, and refers to the final contracts relating to that transaction for the contents thereof.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint except to refer to statements by NYMEX described therein for the contents thereof.

43. Denies the allegations in paragraph 43 of the Complaint.

44. Denies the allegations in paragraph 44 of the Complaint except to refer to the documents described therein for the contents thereof.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint except to refer to the Term Sheet described therein (the "Term Sheet") for the contents thereof.

46. Denies the allegations in paragraph 46 of the Complaint except to refer to the Term Sheet for the contents thereof.

47. Denies the allegations in paragraph 47 of the Complaint except to deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning NYMEX's due diligence.

48. Denies the allegations in paragraph 48 of the Complaint except to refer to the contents of the SWPA, the Warrant, or other documents for the contents thereof.

49. Denies the allegations in paragraph 49 of the Complaint except to refer to the contents of the SWPA, the Warrant, or other documents for the contents thereof.

**AS TO "DEFENDANTS WARRANTIES AND REPRESENTATIONS TO NYMEX"**

50. Refers to the SWPA for the contents thereof.

51. Denies the allegations in paragraph 51 of the Complaint.

52. Refers to the SWPA for the contents thereof.

**AS TO "THE UNRAVELING AND DISCLOSURE OF THE UNLAWFUL SCHEME"**

53. Denies the allegations in paragraph 53 of the Complaint.

54. Denies the allegations in paragraph 54 of the Complaint except to refer to BMO's statements described therein for the contents thereof.

55. Deny the allegations in paragraph 55 of the Complaint.

56. Deny the allegations in paragraph 56 of the Complaint, except to admit that NYMEX's purchase of the stock and acquisition of the warrant pursuant to the SWPA occurred in April 2007.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and refers to the press release described therein for the contents thereof.

58. Denies the allegation of an unlawful scheme in paragraph 58 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations except to admit that Optionable's business with BMO ended.

59. Denies the allegations in paragraph 59 of the Complaint except to refer to publicly available stock tables for Optionable's stock price.

60. Denies the allegations in paragraph 60 of the Complaint except to refer to press reports described therein for the contents thereof.

61. Refers to the announcement by BMO described in paragraph 61 for the contents thereof.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Refers to the Form 10Q for the period ended June 30, 2002 for the contents thereof.

64. Denies the allegations in paragraph 64 of the Complaint except to refer to publicly available stock tables for Optionable's stock price.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint except to refer to the documents described therein for the contents thereof.

    a. Refers to the United States' indictment of Cassidy described in subparagraph "a" for the contents thereof.

    b. Refers to the SEC charges described in subparagraph "b" for the contents thereof.

    c. Refers to the CFTC charges described in subparagraph "c" for the contents thereof.

    d. Refers to the Manhattan District Attorney and Federal Reserve Board charge(s) described in subparagraph "d" for the contents thereof.

66. Denies the allegations in paragraph 66 of the Complaint.

**AS TO "FIRST COUNT:
SEC. EXCH. ACT § 10(b) AND RULE 10b-5
(AGAINST ALL DEFENDANTS)"**

67. Repeats each response set forth in paragraphs 1 through 66 as though fully set forth herein.

68. Denies the allegations in paragraph 68 of the Complaint except to refer to the statements or communications described therein and the SWPA for the contents thereof.

69. Denies the allegations in paragraph 69 except to refer to the SWPA for the contents thereof.

70. Denies the allegations in paragraph 70 of the Complaint.

      a. Denies the allegations in subparagraph "a" except to refer to the filings described therein for the contents thereof.

      b. Denies the allegations in subparagraph "b."

      c. Denies the allegations in subparagraph "c" except to refer to the filings described therein for the contents thereof.

      d. Denies the allegations in subparagraph "d" except to refer to the filings described therein for the contents thereof.

      e. Denies the allegations in subparagraph "e."

      f. Denies the allegations in subparagraph "f" except to refer to the SWPA for the contents thereof.

71. Denies the allegations in paragraph 71 of the Complaint except to refer to the documents described therein for the contents thereof.

      a. Denies the allegations in subparagraph "a" except to refer to Optionable's 10-K Forms for 2005 and 2006 for the contents thereof.

      b. Denies the allegations in subparagraph "b" except to refer to Optionable's 10-K and 10-Q Forms for 2005 and 2006 for the contents thereof.

      c. Denies the allegations in subparagraph "c" except to refer to Optionable's 10-K Forms for 2005 and 2006 for the contents thereof.

72. Denies the allegations in paragraph 72 of the Complaint.

73. Denies the allegations in paragraph 73 of the Complaint.

74. Denies the allegations in paragraph 74 of the Complaint.

75. Denies the allegations in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77. Denies the allegations in paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79. Denies the allegations in paragraph 79 of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81. Denies the allegations in paragraph 81 of the Complaint.

82. Denies the allegations in paragraph 82 of the Complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint relating to Plaintiffs' corporate successor status, and denies that Plaintiff is entitled to any relief on the theories described therein or on any other theory.

**AS TO "SECOND COUNT:
SECTION 20(a) OF SECURITIES EXCHANGE ACT
(AGAINST DEFENDANTS NORDLICHT, CASSIDY, AND O'CONNOR)"**

84. Repeats each response set forth in paragraphs 1 through 66, 68 through 83 as though fully set forth herein.

85. Denies the allegations in paragraph 85 of the Complaint except to admit that Nordlicht was at certain points a non-executive chairman and shareholder of Optionable.

86. Denies the allegations in paragraph 86 of the Complaint except to admit that Cassidy and O'Connor served as officers of Optionable, and refers questions of law to the Court.

87. Denies the allegations in paragraph 87 of the Complaint except to admit that Nordlicht was, at certain times, a director of Optionable and the non-executive Chairman of the Board of Directors.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

90. Denies the allegations in paragraph 90 of the Complaint except to refer to the SWPA for the contents thereof.

91. Denies the allegations in paragraph 91 of the Complaint except to admit that NYMEX purchased Optionable stock from defendants.

92. Denies the allegations in paragraph 92 of the Complaint.

93. Denies the allegations in paragraph 93 of the Complaint.

94. Denies the allegations in paragraph 94 of the Complaint except to admit that NYMEX negotiated with and purchased Optionable stock from defendants.

95. Denies the allegations in paragraph 95 of the Complaint.

96. Denies the allegations in paragraph 96 of the Complaint and refers questions of law to the Court.

### AS TO "THIRD COUNT: BREACH OF CONTRACT AND WARRANTY (AGAINST ALL DEFENDANTS)"

97. Repeats each response set forth in paragraphs 1 through 66, 68 through 80, 83, and 85 through 95 above.

98. Refers to the SWPA for the contents thereof.

99. Refers to the SWPA for the contents thereof and refers questions of law to the Court.

100. Denies the allegations in paragraph 100 of the Complaint.

101. Denies the allegations in paragraph 101 of the Complaint.

102. Denies the allegations in paragraph 102 of the Complaint.

### AS TO "FOURTH COUNT:
### COMMON LAW FRAUD
### (AGAINST DEFENDANTS CASSIDY AND O'CONNOR)"

103. Repeats each response set forth in paragraphs 1 through 66, 68 through 80, 83, 85 through 95, and 98 through 101 above, noting that this count is not alleged against Nordlicht.

104. Denies the allegations in paragraph 104 of the Complaint and refers questions of law to the Court, noting that this count is not alleged against Nordlicht.

105. Denies the allegations in paragraph 105 of the Complaint and refers questions of law to the Court, noting that this count is not alleged against Nordlicht.

### AS TO "FIFTH COUNT:
### AIDING AND ABETTING COMMON LAW FRAUD
### (AGAINST ALL DEFENDANTS)"

106. Repeats each response set forth in paragraphs 1 through 66, 68 through 80, 83, 85 through 95, 98 through 101, and 104 above.

107. Denies the allegations in paragraph 107 of the Complaint.

108. Denies the allegations in paragraph 108 of the Complaint and refers questions of law to the Court.

## AS TO "SIXTH COUNT: NEGLIGENT MISREPRESENTATION (AGAINST ALL DEFENDANTS)"

109. Repeats each response set forth in paragraphs 1 through 66, 68 through 71, 74 through 80, 85 through 93, and 98 through 101 above.

110. Denies the allegations in paragraph 110 of the Complaint except to refer to the SWPA for the contents thereof and to refer questions of law to the Court.

111. Denies the allegations in paragraph 111 of the Complaint except to refer questions of law to the Court.

112. Denies the allegations in paragraph 112 of the Complaint.

113. Denies the allegations in paragraph 113 of the Complaint.

114. Denies the allegations in paragraph 114 of the Complaint.

115. Denies the allegations in paragraph 115 of the Complaint.

116. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 116 of the Complaint.

117. Denies the allegations in paragraph 117 of the Complaint.

118. Denies the allegations in paragraph 118 of the Complaint and refers questions of law to the Court.

119. Denies the allegations in paragraph 119 of the Complaint and refers questions of law to the Court.

## AS TO "SEVENTH COUNT: DAMAGES ALTERNATIVE TO COUNTS ONE THROUGH FIVE (AGAINST ALL DEFENDANTS)"

120. Repeats each response set forth in paragraphs 1 through 82 and 84 through 108 above.

121. Admits that plaintiff is seeking damages but denies that plaintiff is entitled to any relief.

122. Denies the allegations in paragraph 122 of the Complaint.

123. Denies the allegations in paragraph 123 of the Complaint and refers questions of law to the Court.

124. Denies the allegations in paragraph 124 of the Complaint.

125. Denies the allegation in paragraph 125 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a valid cause of action against Nordlicht.

### SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs, by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain the relief sought in their Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the Statute of Frauds.

## SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the doctrine of res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the doctrine of release.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by fraud.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs, by acts, omissions, and/or conduct, are estopped, in whole or in part, from obtaining the relief sought in their Complaint.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, because of facts showing illegality either by statute or common law.

## TWELFTH AFFIRMATIVE DEFENSE

Any damage, loss or liability sustained by Plaintiffs must be reduced, diminished, and/or eliminated due to Plaintiffs' failure to mitigate damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any damage, loss or liability sustained by Plaintiffs must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Nordlicht under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault.

-15-

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, against Nordlicht under the principles of contribution and indemnity, because persons or entities other than Nordlicht are, upon information and belief, wholly or partially responsible for the purported damages, if any, Plaintiffs may have sustained.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, against Nordlicht because Nordlicht, upon information and belief, did not directly or proximately cause or contribute to any damage, loss or injury sustained by Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovering attorneys' fees from Nordlicht under applicable provisions of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovering the amounts averred under the contracts at issue in this action.

WHEREFORE, based on the above, Defendant respectfully requests that judgment be entered in its favor.

Dated: New York, New York
September 20, 2010

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP

By:      /s/ Eliot Lauer
     Eliot Lauer
     Jason Gottlieb
     Brian M. White
101 Park Avenue
New York, New York  10178
Tel:  (212) 696-6000
Fax:  (212) 697-1559
Email: elauer@curtis.com
Email: jgottlieb@curtis.com
Email: bwhite@curtis.com

*Attorneys for Defendant Mark Nordlicht*